IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MARSHALL LOCKLEAR, JR.,           )
                                  )
            Petitioner,           )
                                  )
      v.                          )    1:07CV682
                                  )
THEODIS BECK, Secretary of the    )
Department of Correction,         )
                                  )
            Respondent.           )
```

**MEMORANDUM OPINION AND ORDER**

**Eliason, Magistrate Judge**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 28, 2005, Petitioner pled guilty in Scotland County Superior Court to attempted first-degree murder, attempted robbery with a dangerous weapon ("armed robbery"), and assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWWIKISI"). The court consolidated the latter two convictions and sentenced Petitioner to 168 to 211 months' imprisonment. Petitioner received an additional, consecutive term of 313 to 385 months' imprisonment for his attempted murder conviction.

On March 28, 2005, Petitioner filed a notice of appeal in the North Carolina Court of Appeals. When the State, contending that Petitioner had no right to appeal, moved to dismiss on September 28, 2005, Petitioner's counsel requested that the court hear the appeal and, in the alternative, petitioned for a writ of certiorari to review the criminal judgment. However, on October 7, 2005, the

North Carolina Court of Appeals dismissed Petitioner's appeal and denied his certiorari petition. Petitioner next filed a pro se motion for appropriate relief ("MAR") in Scotland County Superior Court, which that court summarily denied on March 1, 2006. After the North Carolina Court of Appeals also denied his subsequent pro se certiorari petition on May 10, 2007, Petitioner filed the pro se federal habeas petition now before the Court.

**Petitioner's Claims**

In this Court, Petitioner raises three grounds for relief. First, he contends that his counsel was ineffective for failing to inform him of the maximum sentence he could receive and for inducing him to plead guilty by telling him that he would receive no more than six years imprisonment. Second, Petitioner claims that he was denied due process and subjected to double jeopardy when the State sought two separate indictments against him for the same two crimes, namely armed robbery and AWDWWIKISI. Petitioner's third and final contention appears to combine the following three claims: (1) that the trial court lost jurisdiction when it broadened the indictment to add the charge of attempted first-degree murder, (2) that the State erred in using a single act to pursue multiple indictments and convictions, and (3) that his guilty plea should have been to a lesser included offense because North Carolina does not have sentencing guidelines for attempted first-degree murder. Respondent moves for summary judgment on all of Petitioner's claims.

-2-

## Standard of Review

If the Court finds that Petitioner's claims were adjudicated by the state courts on their merits, it must then apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to Petitioner's claims. Under that standard, habeas relief cannot be granted in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 413. "Unreasonable" is not the same as "incorrect" or "erroneous," and the reasonableness of the state court's decision must be judged from an objective, rather than subjective, standpoint. Id. at 409-410. A holding is not reasonable simply because precedent written by one of the Nation's jurists agrees with it. Id. As for questions of

fact, state court findings of fact are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Discussion

Petitioner's first claim alleges ineffective assistance of counsel. Such claims are evaluated using a two-part test:

> In order to establish an ineffective assistance of counsel claim . . . [a petitioner is] required to establish that his "counsel's representation fell below an objective standard of reasonableness," measured by the "prevailing professional norms," [citing Strickland v. Washington, 466 U.S. 668, 688 (1984)], and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, 104 S.Ct. 2052.

Fisher v. Lee, 215 F.3d 438, 446-447 (4th Cir. 2000). In the guilty plea context, a Petitioner must meet the second part of this test by showing that, absent counsel's alleged error, an objectively reasonable person in his situation would not have pled guilty and would have insisted upon going to trial. See Hill v. Lockhart, 474 U.S. 52 (1985). Furthermore, mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue. Green v. Johnson, 160 F.3d 1029 (5th Cir. 1998).

Here, Petitioner claims that his trial counsel was prejudicially deficient by failing to inform him of the maximum sentence he could receive and by "forcing" him to plead guilty. Unfortunately for Petitioner, both the transcript of his guilty plea hearing and his transcript of plea form belie these contentions. These documents clearly indicate that, according to Petitioner's own sworn testimony, he was aware that the maximum

-4-

Case 1:07-cv-00682-RAE-LPA   Document 14   Filed 09/24/08   Page 4 of 8

possible sentence for the charges to which he pled was 969 months, rather than the 72 months he now claims. Petitioner further swore that he was pleading guilty of his own free will, that he was not induced to do so in any way, that he fully understood the nature of his actions, and that he was satisfied with the services of his attorney. These assertions flatly contradict Petitioner's assertions that he was uninformed, misinformed, or coerced in any way. The in-court representations are conclusive. See Via v. Superintendent, Powhatan Correctional Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Davis v. Butler, 825 F.2d 892 (5th Cir. 1987). And, he fails to offer anything beyond conclusory allegations that his attorney's performance was in any way deficient, let alone that such performance prejudiced him.

In addition, the state court considered Petitioner's ineffective assistance contention in his MAR and found no error. Therefore, the strict standards mentioned previously for reviewing state court decisions clearly apply to the evaluation of these claims. Petitioner has produced no evidence, let alone clear and convincing evidence, that the state court's decision was contrary to established federal law or was based on an unreasonable interpretation of the facts. Absent such evidence, Petitioner's ineffective assistance claims must be dismissed.

In his next claim, Petitioner contends that he was both deprived of his due process rights and subjected to double jeopardy when the State sought two rounds of indictments for the crimes to which he eventually pled guilty. This argument fails for three

reasons. First, Petitioner waived this claim when he entered his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973)(a petitioner's knowing, voluntary, and counseled guilty plea waives his allegations of prior, non-jurisdictional constitutional violations); see also United States v. Broce, 488 U.S. 563, 569 (1989)(applying Tollett in context of double jeopardy challenge). Second, jeopardy does not attach until a defendant is "put in jeopardy of life or limb." U.S. Cont. art. V. In the guilty plea context, this means that attachment does not occur until the actual entry of the plea, and it only extends to the counts of the indictment to which the defendant pleads guilty. See United States v. Hawes, 774 F. Supp. 965, 970 (E.D.N.C. 1991). Here, the State's superseding indictment issued prior to the time of Petitioner's guilty plea. Thus, jeopardy never attached to the first indictment, and Petitioner has no basis for his claim. Additionally, as was the case with Petitioner's first contention, the state court addressed the substance of Petitioner's double jeopardy claim in his MAR and found no error. Because Petitioner fails to set forth any evidence this decision was contrary to established federal law or was based on an unreasonable interpretation of the facts, it clearly merits dismissal under 28 U.S.C. § 2254(d).

Petitioner's third and final contention actually includes three separate claims for relief: (1) the trial court lost jurisdiction when it broadened Petitioner's indictment date, (2) the State erred in using one act to seek multiple indictments and

convictions, and (3) the guilty plea should have been to a lesser included offense because North Carolina does not have sentencing guidelines for attempted first-degree murder. All of these claims are without merit and will be addressed in turn.

Petitioner's jurisdictional claim is entirely without basis, since defective indictments do not deprive courts of jurisdiction. <u>United States v. Cotton</u>, 535 U.S. 625 (2002). Even were this not the case, Petitioner faces two additional problems. First, he waived any objection to the indictment by entering his knowing and voluntary guilty plea. <u>See</u> <u>Tollett</u>, <u>supra.</u> Second, claims of this type, i.e., those alleging deficiencies in state court indictments, are not cognizable on federal habeas review, absent a showing that they rendered the entire state proceeding fundamentally unfair. <u>Wright v. Angelone</u>, 151 F.3d 151 (4th Cir. 1998); <u>Ashford v. Edwards</u>, 780 F.2d 405 (4th Cir. 1985). No such unfairness is evident here.

Petitioner's argument regarding multiple indictments and convictions is equally flawed. It ignores the Supreme Court's clear ruling in <u>Blockburger v. United States</u>, 284 U.S. 299 (1932), which held that a defendant may be charged with, and convicted of, multiple crimes stemming from the same act, so long as each of those crimes requires an element distinct from another. Here, Petitioner does not contend that his multiple convictions lacked distinct elements. Rather, he simply argues that one act cannot result in multiple charges or convictions. This is unquestionably

inaccurate.  In addition, Petitioner waived this contention, like his previous claims, upon entry of his guilty plea.

In his final sub-claim, based on North Carolina's alleged lack of sentencing guidelines for first-degree attempted murder, Petitioner again operates under a false assumption.  North Carolina does, in fact, have such guidelines, as set out in N.C.G.S. § 14-2.5:

> Unless a different classification is expressly stated, an attempt to commit a misdemeanor or a felony is punishable under the next lower classification as the offense which the offender attempted to commit.  An attempt to commit a Class A or B1 felony is a Class B2 felony . . . .

Because, in this case, Petitioner was attempting to commit first degree murder, a Class A felony, he was properly sentenced as a Class B2 felon.  Further, the state court found no error when Petitioner previously raised this claim in his MAR, and there is no showing that this finding was contrary to established federal law or was based on an unreasonable interpretation of the facts.  As such, Petitioner's final claim, like his others, must be dismissed.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment (docket no. 6) is granted, that the habeas petition (docket no. 1) is denied, and that this action be, and the same hereby is, dismissed.

_____
**United States Magistrate Judge**

September 24, 2008